IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL HIGUERA, an
individual,

       Plaintiff,

       v.                                      CV. No. 04-1693-HA

CASCADE CORPORATION,               O R D E R
an Oregon corporation,

       Defendant.

HAGGERTY, Chief Judge:

       Defendant Cascade Corporation (defendant or Cascade) moves to dismiss this action for failure to state a claim upon which relief can be granted. Plaintiff Michael Higuera (plaintiff or Higuera) opposes this motion, and also asserts a Motion to Strike the Affidavit of Kenneth Coxen. For the following reasons, Cascade's Motion to Dismiss is denied, and Higuera's Motion to Strike is denied as moot.

1 - ORDER

ANALYSIS

Oral argument on this motion is deemed unnecessary. Generally, dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is denied "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his or her claim" that would entitle plaintiff to relief. *SmileCare Dental Group v. Delta Dental Plan of Calif., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). For the purposes of a motion to dismiss, the Complaint must be construed liberally in favor of plaintiff, and the Complaint's allegations accepted as true. *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004). A motion to dismiss for failure to state a claim may be granted only if, accepting all well-pleaded allegations in the Complaint as true, and viewing them in a light most favorable to the plaintiff, the plaintiff is not entitled to relief. *Id.*

Complaints in employment discrimination cases must satisfy only the simple requirements of Rule 8(a) of the Federal Rules of Civil Procedure. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 513-15 (2002) (discussing the liberal pleading standard applied to Title VII claims). All that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief," giving the opposing party "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Accordingly, "an employment discrimination complaint need not include [facts establishing a prima facie case of discrimination under the framework of *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973)] and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *Swierkiewicz*, 539 U.S. at 508.

"[N]othing in the rules of civil procedure requires a complaint to allege facts sufficient, if proven, to prevail at trial." *Aguilar v. New York Convention Center Operating Corp.*, 174 F. Supp. 2d 49, 55 (S.D.N.Y. 2001). Because sex discrimination is a "claim upon which relief can be granted" within the meaning of Federal Rule of Civil Procedure 12(b)(6), and because there are no heightened pleading standards governing such claims, a plaintiff is not necessarily required to allege any more than "I lost my job because of my gender" in order to survive a motion to dismiss. *Id.*, citing *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).

Here, Higuera alleges that he was unlawfully discriminated against in respect to "compensation, terms, conditions or privileges" of employment in that his gender "was a substantial and determining factor in Cascade's decision to terminate his employment." Pl. Compl. ¶ 24. Higuera also asserts that Cascade's investigation into the conduct of Higuera and other employees was incomplete and gender-biased, Pl. Compl. ¶ 19-20, and that he was subjected to disparate treatment because of his gender. Pl. Compl. ¶ 21.

While these allegations appear weak, particularly in light of other allegations in the Complaint indicating that (1) Higuera participated in objectionable behavior; (2) complaints against him were received by his employer; and (3) an investigation was undertaken, the allegations in each of plaintiff's seven causes of action nevertheless are minimally sufficient to give Cascade fair notice of what plaintiff's claims are and the grounds upon which they rest.

It does not appear "beyond doubt" that plaintiff can prove no facts in support of his allegations that would entitle him to relief. Title VII makes it an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or

privileges of employment, because of such individual's . . . sex, . . . ."  42 U.S.C. § 2000e-2(a)(1).  Because Higuera's allegations meet the lenient standards of notice pleading, defendant's Motion to Dismiss must be denied.

Plaintiff moves to strike the affidavit of Kenneth Coxen.  Because the court would be compelled to deny defendant's Motion to Dismiss with or without considering the contents of the Coxen affidavit, plaintiff's Motion to Strike is moot.

CONCLUSION

Defendant Cascade's Motion to Dismiss (Doc. # 4) is DENIED.  Plaintiff Higuera's Motion to Strike the Affidavit of Kenneth Coxen (Doc. # 9) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated this  9   day of May, 2005.

                                              /s/Ancer L.Haggerty
                                              Ancer L. Haggerty
                                             United States District Judge